(No. 74-CC-0005–

JOAN M. MC GEE, Claimant, *v.* THE STATE OF ILLINOIS and the DEPARTMENT OF CONSERVATION OF THE STATE OF ILLINOIS, Respondents.

*Opinion filed April 14, 1980.*

BLUMENTHAL and SCHWARTZ, both for Claimant.

WILLIAM J. SCOTT, Attorney General (SAUL R. WEXLER, of counsel), Assistant Attorney General, for Respondents.

HOLDERMAN, J.

Claimant filed a claim for injuries allegedly sustained at a pier in the Mississippi Palasides State Park,

which admittedly is owned and operated by the State of Illinois. The pier is on the Lazy River, which feeds into the Mississippi River.

The injury occurred when the Claimant, after getting out of a boat which was secured to the pier in question, caught her foot in a two and five-eighth-inch wide gap in the pier. As a result of her foot being caught in the gap, she suffered a fracture of the tibia and fibula which resulted in severe and permanent damage which, at the time of the trial, was untreatable. Her left leg is now three-sixteenths of an inch shorter than the right leg and the left ankle continues to be painful and swollen. There is a 15-degree residual contracture of the left heel cord compared to the right; a 25-percent limitation of motion of the left foot muscles, and considerable swelling.

The evidence is clear that this wide gap in the pier was most unusual and testimony introduced on behalf of Claimant indicates that such a gap in the floor of the pier was highly dangerous. This condition had existed since the pier was constructed so the State had actual knowledge of the condition that existed.

Medical bills were in the amount of approximately $1,100.00, part of which were paid by Claimant's insurance.

The evidence is clear that Claimant was not guilty of contributory negligence in any manner, shape or form. It is also clear that the State, having constructed the dock where the accident occurred, was fully aware of the dangerous situation which caused the injury complained of, and that construction of the dock and the manner in which it was built was the major cause of the injury.

At the time the accident occurred, the State's limitation of liability was $25,000.00. Claimant has requested

that the limitation which now exists be applied rather than the limitation at the time of the accident. It is the Court's opinion that the statutory limitation that existed at the time of the accident is the proper amount that can be paid.

Due to the severity of the accident, the Court finds that the $25,000.00 limitation should be awarded to claimant.

Claimant is hereby awarded the amount of $25,000.00.